UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PATRICIA KENNEDY,**

      Plaintiff,

v.                                              Case No: 2:17-cv-14098-KAM

**CAPTAIN HIRAM'S HOTEL NORTH, LLC,**

      Defendant,
_____/

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT
OF HER MOTION FOR SUMMARY JUDGMENT

Plaintiff, Patricia Kennedy, submits the following Statement of Material Facts in support of her motion for summary judgment.

The following exhibits accompany this filing.

Exhibit "A" Affidavit of Patricia Kennedy.

Exhibit "B" Affidavit of Carlos Herrera

Exhibit "B-1" resume

Exhibit "B-2" report

**STATEMENT OF THE FACTS**

1. As the result of an automobile accident, Ms. Kennedy suffered a spinal injury, is mobility impaired. She cannot walk more than a few steps without assistive devices and must

use a wheelchair, cane, or other support. In addition, she has only limited use of her hands. Ms. Kennedy lives in Tamarac, Florida. Her disability notwithstanding, she goes grocery shopping, shops for clothes, goes out to eat, and does all of the other things able bodied individuals do (Ex. A,¶ 3).

2. Ms. Kennedy frequently travels throughout Florida's East Coast (Ex A, ¶ 3 & 9).

3. Ms. Kennedy is an advocate on behalf of both herself and other similarly situated disabled persons and considers herself a tester.  As a tester, she visits various places of public accommodation to ascertain whether they are in compliance with the Americans With Disabilities Act. In the event that they are not, she requests that a law suit be filed to bring the place into compliance with the ADA so that she and other disabled persons can use it.  If a law suit is filed to bring the facility into compliance, she subsequently revisits each property to ascertain whether the ADA violations have been fixed (Ex A, ¶ 4).

4. Defendant  owns, operates, leases, or leases to a hotel known as "Best Western Plus - Sebastian Hotel and Suites" located at or about 1655 U.S. 1, Sebastian, Florida.

5. Prior to the filing of this lawsuit, specifically on January 31, 2017, Ms. Kennedy visited the Best Western Plus Sebastian Hotel & Suites located at 1665 U.S. 1, Sebastian, Florida(Ex A, ¶ 5).

6. While there, she encountered various ADA violations which served as barriers to access, discriminated against her on the basis of her disability, and also segregated her from the able bodied public on the basis of disability (Ex A, ¶ 5).

6. The barriers she encountered or of which she was aware at the hotel included:

included the lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property. There was a lack of sufficient maneuvering space, lack of required clear floor spaces, and obstructions. There were an insufficient number of compliant parking spaces and access aisles, with lack of compliant signage. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with insufficient maneuvering space, lack of required clear floor spaces, obstructions. There were non-compliant restrooms, with missing grab bars, inaccessible commodes, and non-compliant door hardware. There was an insufficient number of designated accessible guest rooms. At least one of those rooms lacked sufficient maneuvering space, lacked the required clear floor spaces, had obstructions, improperly located amenities, and inaccessible commodes. There were no compliant grab bars, flush controls were on wrong side, there were non-compliant doorways, with insufficient door clearance, non-compliant tub/showers, inaccessible sinks, and improperly wrapped pipes (Ex A, ¶ 5).

7. The Defendant did not adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (Ex A, ¶ 6: Ex B, ¶ 8&9).

8. Accessible features and equipment at the Defendant's property were not properly maintained (Ex A, ¶ 6; Ex B, ¶ 8&9).

9. Plaintiff has been in the area of the Defendants' property and fully intends to return again in the near future (Ex A, ¶ 10).

10. The remedial measures described in Carlos Herrera's report of March 13, 2017 (Ex B-2), are readily achievable.

**I HEREBY CERTIFY** that, on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                 */s/ Philip Michael Cullen, III.*
Fla. Bar No: 167853
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone; (954) 462-0600
Facsimile: (954) 462-1717

cullen@thomasbaconlaw.com